UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TONYA A. WARNER,

      Plaintiff,

v.                                                    Case No. 1:11-CV-1068

COMMISSIONER OF                                       HON. GORDON J. QUIST
SOCIAL SECURITY,

      Defendant.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

On March 4, 2013, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner of Social Security's decision denying Plaintiff's claim for supplemental security income. In her R & R, the magistrate judge rejected Plaintiff's arguments that the administrative law judge (ALJ) failed to explain the evidentiary basis for her residual functional capacity (RFC) determination and failed to perform a "function-by-function" evaluation of Plaintiff's work- related abilities, that the ALJ failed to properly evaluate the medical opinion evidence, and that the ALJ improperly discounted Plaintiff's subjective complaints concerning the intensity, persistence, and limiting effects of her symptoms. Plaintiff has filed an Objection to the R & R (docket no. 24), which raises three objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objection, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objection and adopt the R & R as the opinion of the Court.

Plaintiff first argues that the magistrate judge summarily concluded that the ALJ's RFC determination is supported by substantial evidence without conducting an analysis of the record evidence supporting the disabling nature of Plaintiff's impairments. Specifically, Plaintiff contends that the magistrate judge's statement that Plaintiff's "fibromyalgia responded to medication and exercise," (R & R at 13), mischaracterizes the record evidence, which shows that Plaintiff's treating specialist consistently found positive tender points when examining Plaintiff. Plaintiff further notes that even when her doctor reported her fibromyalgia as stable, the doctor nonetheless described it as "still not good." (Objection at 2 (citing Administrative Record (AR) at 479).) Plaintiff also cites a September 2, 2010 office note stating that Plaintiff was having problems obtaining her medications "until recently" due to health insurance issues. (AR at 479.) Plaintiff further notes that the R & R fails to address the ALJ's consideration of Plaintiff's severe migraine headaches.

Having carefully reviewed the record and the ALJ's decision, the Court concurs with the magistrate judge that the ALJ's RFC determination is supported by substantial evidence. Although an ALJ may not categorically ignore evidence of fibromyalgia, *see Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007), the ALJ did not do so in this case. Rather, the ALJ properly noted that examinations alternately revealed that Plaintiff had sixteen out of eighteen, and eighteen out of eighteen, positive trigger points and an exquisite level of tenderness, which was highly consistent with fibromyalgia. (AR at 19.) The ALJ further noted, that Plaintiff also developed tenderness and pain in her knees. (*Id.* at 19.) However, the ALJ found that Plaintiff's complaints of disabling pain were not fully credible because Plaintiff's neurological findings were consistently unremarkable. (*Id.* at 19, 401, 415.) The ALJ observed that Plaintiff had a full range of motion in all her joints, including her knees, normal sensation, normal muscle strength, and normal tendon reflexes. Moreover, the ALJ properly noted that treatment records indicated that Plaintiff's

fibromyalgia was "stable." (*Id.* at 19, 479.) Although Plaintiff correctly notes that fibromyalgia often does not have objective signs, the ALJ was nonetheless required to consider objective medical evidence as one factor in her credibility determination. *See* 20 C.F.R. § 404.1529(a); SSR 96-7p, 1996 WL 374186, at *4–5 (providing that an ALJ must consider all of the evidence in the case record, including any statements by the claimant and other persons concerning the claimant's symptoms, if the objective medical evidence does not substantiate the claimant's reports of pain). Accordingly, the ALJ included appropriate postural limitations in her RFC determination.

Similarly, the ALJ properly considered Plaintiff's claim that she suffered daily, severe migraines, and accepted Plaintiff's subjective complaints to a certain extent. (AR at 19.) However, the ALJ noted that the objective medical findings did not support Plaintiff's subjective complaints. Examinations generally showed that Plaintiff was alert, oriented, and in no acute distress, (*Id.* at 19, 401, 500, 504), and Plaintiff's cranial nerves were intact. (*Id.* at 19, 415, 480.) In addition, computer tomography scans and electroencephalagraphs were normal. (*Id.* at 412, 420.) Nonetheless, the ALJ accounted for Plaintiff's migraines in her RFC determination.

Plaintiff next contends that the magistrate judge erred in concluding that the ALJ gave good reasons for giving less than controlling weight to the opinion of Plaintiff's treating orthopedist, Dr. Groseclose, that Plaintiff could not do stand-up work because of her knee pain. The ALJ gave Dr. Groseclose's opinion little weight because it was not consistent with the medical evidence or Plaintiff's activities of daily living. (*Id.* at 22.)

An ALJ must give a treating physician's opinion "controlling weight" if it is consistent with the evidence in the record and supported by sufficient clinical findings. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). An ALJ may discount a treating physician's opinion if it is contrary to substantial medical evidence. *Id.* When the opinion of a treating source is not given

"controlling weight," the ALJ must balance certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must give "good reasons" for the weight she gives the treating source's medical opinion. 20 C.F.R. § 404.1527(d)(2). The purposes of this requirement are to provide a claimant with an explanation for why she is deemed not disabled—when her physicians may have told her otherwise—and to "ensure[] that the ALJ applies the treating physician rule and permit[] meaningful appellate review of the ALJ's application of the rule." *Id.* Although an ALJ's explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight," SSR 96–2p, 1996 WL 374188, at *5 (1996), an ALJ is not required to explicitly discuss each factor. *See, e.g.*, *Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. Mar. 16, 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis"); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ([Plaintiff] cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion.").

Plaintiff does not dispute that Dr. Groseclose's opinion was not consistent with objective medical evidence in the record. In other words, there was no objective medical or clinical evidence to substantiate Plaintiff's knee pain. Plaintiff nonetheless argues that the ALJ should not have completely disregarded Dr. Groseclose's opinion, which was not that Plaintiff could not stand at all

4

or not do *any* standing activities, but that Plaintiff could not do a job that is performed standing. Even so, the Court concludes that the magistrate judge did not err in concluding that the ALJ gave good reasons for giving Dr. Groseclose's opinion minimal weight because it was still inconsistent with the objective medical evidence.

Finally, Plaintiff contends that the magistrate judge erred in concluding that the ALJ's credibility determination was supported by substantial evidence. Plaintiff contends that, contrary to the magistrate judge's assertion, her reported daily activities of living are not inconsistent with her complaints of disabling pain and limitations because Plaintiff has "good days" and "bad days," on which she is confined to her bed. Plaintiff asserts that the activities of daily living that Plaintiff performs on "good days" are not inconsistent with the disabling pain she experiences on her "bad days." However, the ALJ had multiple reasons to conclude that Plaintiff's complaints were not fully credible. In addition to the lack of objective medical evidence confirming the severity of Plaintiff's alleged symptoms and Plaintiff's reported activities of daily living, Plaintiff's own testimony was inconsistent with the medical record. For example, Plaintiff testified that she had suffered from migraines "every day, all day, 24 hours a day," (AR at 46), but Plaintiff's doctor noted that Plaintiff confirmed that she "only infrequently has a severe headache" and is able to "ignore most of her milder headaches. (*Id.* at 19, 383.) Similarly, although Plaintiff testified that she only reads "fluff" because she can't follow mysteries anymore due to inability to concentrate, (*id.* at 39), Plaintiff demonstrated intellectual functioning in the average to above-average range, (*id.* at 272, 472), and had a full-scale IQ score in the average range, (*id.* at 447), and a neurologist observed that Plaintiff experienced no difficulties comprehending or retaining test instructions. (*Id.* at 20, 447.) Accordingly, substantial evidence supported the ALJ's determination that Plaintiff's claims were not entirely credible.

5

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 4, 2013 (docket no. 20), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (docket no. 24) is **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.


Dated: March 29, 2013              /s/ Gordon J. Quist
                                 GORDON J. QUIST
                           UNITED STATES DISTRICT JUDGE